THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN LEE SMITH,<br><br>    Plaintiff,<br>    v.<br><br>PUGET SOUND ALLERGY, ASTHMA & IMMUNOLOGY on behalf of Jane Doe,<br><br>    Defendant. | CASE NO. C21-5169-JCC<br><br>ORDER |

This matter comes before the Court *sua sponte*. On May 6, 2021, the Honorable Theresa L. Fricke, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis* and recommended the Court review the complaint under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 6 at 1.)

Plaintiff alleges that in October 2020, an employee at Puget Sound Allergy, Asthma & Immunology ("PSAAI") "damaged [his] right arm with needles and told [him] all men are nothing and are pawns." (Dkt. No. 7 at 5.) He further alleges that "a [d]octor confirmed noticeable needle hole pigmentation skin changes four months later." (*Id.*) Based on these allegations, he brings claims against PSAAI based on 38 U.S.C. § 7316, 51 U.S.C. § 21037, medical malpractice, assault, and medical negligence. (*Id.* at 3.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. To avoid dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The complaint must be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). The Court also has an independent obligation to address whether it has subject matter jurisdiction over Plaintiff's claims. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The Court liberally construes *pro se* complaints. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Even liberally construing Plaintiff's complaint, the Court finds it is subject to dismissal for failure to state a claim and lack of subject matter jurisdiction. First, Plaintiff's claims under 38 U.S.C. § 7316 and 51 U.S.C. § 20137 are not legally cognizable. Neither of these statues provide a cause of action. Rather, they confer immunity on Department of Veterans Affairs ("VA") and National Aeronautics and Space Administration ("NASA") medical personnel by requiring patients injured by these personnel to recover from the United States under the Federal Tort Claims Act ("FTCA") rather than from the individual practitioners. To the extent Plaintiff intends to assert a claim under the FTCA, he fails to allege sufficient facts to support such a claim. The FTCA allows suits against the United States for personal injury caused by a government employee's negligence under certain circumstances. 28 U.S.C. §§ 1346(b)(1), 2674. Plaintiff's complaint names only PSAAI as a defendant and alleges no negligent conduct by employees of the VA, NASA, or any other government agency. Accordingly, the Court DISMISSES Plaintiff's federal claims.

Plaintiff's remaining claims are state law claims for medical malpractice, medical negligence, and assault. Where, as here, the Court has dismissed all claims over which it has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over related

1 state law claims. 28 U.S.C. § 1367(c)(3). In the absence of any viable federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the Court DISMISSES Plaintiff's complaint without prejudice. Because amendment would be futile, the dismissal is without leave to amend. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996). Plaintiff's motion to change venue (Dkt. No. 5) is DENIED as moot. The Clerk is DIRECTED to close this case and to send Plaintiff a copy of this order.

DATED this 10th day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE